DISTRICT OF OREGON
FILED
November 03, 2011
Clerk, U.S. Bankruptcy Court

The Bankruptcy Court's Findings of Fact and Conclusions of Law are hereby approved.

_____
U.S. District Judge

Below are the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law which are recommended for approval.

_____
FRANK R. ALLEY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

11-6346-HO

In re:

Minerva B. Miller;

    Debtor(s).

Case No. 10-63800-fra7

Adv. Pro. No. 11-06058-fra

Washington Federal Savings and Loan Association,

    Plaintiff,

    v.

Minerva B. Miller; Stephen P. Arnot, Trustee of the Bankruptcy Estate of Minerva B. Miller; Northwest Trustee Services, Inc., a Washington corporation; JP Morgan Chase Bank, National Association; Gene T. Flory, Trustee of the Jacqueline M. Flory and Gene T. Flory Living Trust; Joseph L. Perrino; Amber M. Perrino; First Tennessee Bank National Association; Vera Silva; Response Mortgage Services, Inc. a Washington corporation; RBS Citizens, National Association; Alan Lee Lynn; Andre B. Feliciano; Elaina T. Feliciano; Alysha Ann Jones; Mortgage Electronic Registration

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page 1 of 5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

|   |   |
|---|---|
| 1 | Systems, Inc., a Delaware corporation; GMAC Mortgage, LLC, a Delaware Limited Liability Company, successor by merger to GMAC Mortgage Corporation; EverHome Mortgage Company, a Florida corporation; HSBC Mortgage Corporation (USA), a Delaware corporation; and PremierWest Bank, an Oregon Chartered Commercial Bank, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |

7

8   It appearing that orders of default have been entered against Defendants Minerva B.
9   Miller, Gene T. Flory, Joseph L. Perrino, Amber M. Perrino, Vera Silva, Response Mortgage
10  Services, Inc., Alan Lee Lynn, Andre B. Feliciano, Elaina T. Feliciano, Alysha Ann Jones, First
11  Tennessee Bank National Association, GMAC Mortgage, LLC and PremierWest Bank, and the
12  remaining parties having stipulated to these findings of fact, conclusions of law, and
13  recommendation to the District Court; the court makes the following findings of fact and
14  conclusions of law and recommends entry of final judgment in the form attached hereto as
15  Exhibit 1.

16
17  Findings of fact:

18  1.   On or about April 23, 1996, the Debtor Minerva Miller and Debtor's late husband
19  granted Washington Federal Savings and Loan Association ("WFS") a trust deed on "Lot 6 of
20  the Victoria Court Subdivision, Shady Cove, Oregon, according to the official plat thereof, now
21  of record," and such trust deed was recorded in the Jackson County, Oregon real property
22  records, Instrument Number 96-15241 on May 10, 1996 ("WFS Trust Deed"). That trust deed
23  was given to secure a promissory note of even date in the original principal amount of
24  $204,000.00. WFS is the owner and holder of that note and of the beneficial interest in the WFS
25  Trust Deed.

26

Page 2 of 5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

2. On or about January 25, 2000, the Debtor and Debtor's late husband granted Washington Mutual Bank two trust deeds one each on Lot 2 and Lot 5 of the Victoria Court Subdivision, Shady Cove, Jackson County, Oregon, and such trust deeds were recorded in the Jackson County, Oregon real property records, Instrument Numbers 00-03481 and 00-03482 (the "JP Trust Deeds") on January 28, 2000. Those trust deeds were given to secure promissory notes of even date in the original principal amounts of $188,000.00 each.

3. JP Morgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank, named herein as JPMorgan Chase Bank National Association ("JPMorgan") is the holder of those notes and the successor beneficiary of the JP Trust Deeds.

4. On December 29, 2004, after approval by the Oregon Real Estate Agency, a Declaration of Condominium Ownership for Victoria Court Condominiums (the "Declaration[1]") was recorded in the official records of Jackson County, Oregon, as Instrument Number 2004-075174, by Dion H. Miller, Minerva B. Miller, Alan L. Lynn, Andre B. Feliciano and Elaina T. Feliciano as Declarants.

5. Thereafter, the real property formerly known as Lots 1, 2, 4, 5, and 6 of Victoria Court Subdivision became subject to the condominium form of ownership and became known as the Victoria Court Condominiums ("Condominium").

6. The portions of Lots 1, 2, 4, 5, and 6 of Victoria Court Subdivision other than the buildings became the common areas of the Condominium.

7. Pursuant to the Declaration, owners of each Condominium unit in each building became the owners of: (1) their respective unit; and (2) an undivided fractional ownership of the

---

[1] The defined term "Declaration" includes any amendments to the Declaration.

Page 3 of 5 - FINDINGS OF FACT AND
CONCLUSIONS OF LAW

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

1  general common elements of the condominium and of those limited common elements
2  appurtenant to the specific unit, as set forth in the Declaration and any subsequent amendments
3  thereto.

4
5  8. WFS and Washington Mutual Bank consented to the Declaration and the
6  formation of the Condominium and such consent was recorded in the Jackson County real
7  property records, Instrument Numbers 2004-018232, 2004-033493 and 2004-033494
8  (collectively, the "Consent").

9  9. After the Declaration was recorded, several subsequent purchasers and secured
10 parties acquired interests in Condominium units and those common elements located on Lots 2, 5
11 and 6 of the prior subdivision.

12
13 10. The subsequently recorded deeds describe each respective interest in terms of
14 units in a condominium, not lots in a subdivision.

15 11. On April 13, 2010, Defendant Northwest Trustee Services, Inc., as trustee of the
16 JP Trust Deeds, recorded notices of default and elections to sell Lots 2 and 5 of the Victoria
17 Court Subdivision, initiating the non-judicial foreclosure of the JP Trust Deeds.

18
19 12. Because the property descriptions provided in the JP Trust Deeds describe the
20 scope of the encumbrances in terms of lots, instead of individual units with associated interests in
21 the common elements, the other parties with an interest in those common elements located on
22 former Lots 2 and 5 will be foreclosed and the Condominium will effectively be terminated if JP
23 Morgan concludes its pending non-judicial foreclosures.

24 Conclusions of law:
25 1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
26 §§ 157, 1334, United States District Court Local Rule 2100.0, and FRBP 7001. Venue is proper

Page 4 of 5 - FINDINGS OF FACT AND
CONCLUSIONS OF LAW

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

1 | pursuant to 28 U.S.C. § 1409.

2. Under the recently announced decision in *Stern v. Marshall* 564 U.S. ___, 131 S.Ct. 2594, 2011 WL 2472792, 180 L.Ed.2d 475 (2011), this bankruptcy court may not enter a final judgment in this matter because it is a matter of state law that has not been resolved in the process of ruling on federal bankruptcy issues.

3. Declaratory relief is appropriate because the parties are in an actual controversy regarding the effect of the Consent on the WFS and JP Trust Deeds.

4. Where a condominium agreement is recorded and a pre-existing mortgage exists, the effect of the consent by a pre-existing mortgage holder is to subordinate its interest to the condominium agreement, thereby changing the pre-existing mortgage holder's property interest to reflect the condominium form of ownership. Therefore, the effect of the Consent is to subordinate the WFS and JP Trust Deeds to the Declaration. Such subordination shall change the property interests secured by the WFS and JP Trust Deeds to reflect the condominium form of ownership, as described in the Declaration and as more specifically described in the proposed form of judgment.

Scheduling Order:

These findings and recommendations will be referred to a district judge. Objections, if any, are due 17 days after entry of these Findings of Fact and Conclusions of Law. If no objections are filed, then the findings and recommendations will go under advisement on that date. If objections are filed, then responses are due 14 days after being served with a copy of the objections. When the responses are due or filed, whichever date is earlier, the finding and recommendations will go under advisement.

###

Page 5 of 5 - FINDINGS OF FACT AND
CONCLUSIONS OF LAW

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025